UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| LAZARUS TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-030 |
| | ) | |
| STAN SHEPARD, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

The Court erred by serving this petition upon respondent. It is clear from the face of Lazarus Taylor's 28 U.S.C. § 2254 petition that it suffers from a venue defect. He is challenging a conviction out of the Dougherty County Superior Court, which lies within the jurisdiction of the United States Court for the Middle District of Georgia. 28 U.S.C. § 90(b)(5). In addition to that defect, respondent has brought to the Court's attention that Taylor has previously filed a 28 U.S.C. § 2254 petition attacking the same conviction, and it was dismissed as untimely. (Doc. 8-1 at 1); *Taylor v. Brown*, No. CV112-173 (M.D. Ga. June 11, 2013). This is thus a successive petition. As explained in Rule 9 of the Rules

Governing Section 2254 Cases in the United States District Courts, a petitioner presenting a second or successive petition "must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Because he has not obtained such an order, it would be pointless and a waste of judicial resources to transfer this case to the Middle District, which also lacks jurisdiction to consider a second or successive habeas petition absent authorization by the Eleventh Circuit. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). The petition should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 7th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA